UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at Ashland

| | | |
|---|---|---|
| TONY PEEBLES, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 0:26-cv-00117-SCM |
| | ) | |
| v. | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| BURNSIDE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

*** *** *** ***

Federal inmate Tony Peebles has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the imposition of disciplinary sanctions against him. [Dkt. 1]. The Court must screen the petition pursuant to 28 U.S.C. § 2243. *Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)).

A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Peebles's petition under a more lenient standard because he is not represented by an attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal

construction," including "active interpretation . . . to encompass any allegation stating federal relief" (citations and internal quotation marks omitted)).

On September 7, 2024, a prison guard searched the cell shared by Peebles and inmate David Alvarez. [*See* Dkt. 1-3 at 2–3]. The guard found a blue cellphone on the desk. [*See id.* at 3]. Peebles and Alvarez were both charged with Prohibited Act Code 108, Possessing a Hazardous Tool. [*Id.* at 2–3]. Peebles declined to make any comment to the investigating officer or to the Unit Disciplinary Committee about the charges. [*Id.* at 3]. During the hearing held by the Disciplinary Hearing Officer ("DHO"), Peebles stated only that he was not guilty. [*Id.*]. In his Report, the DHO stated that Peebles offered no defense and presented no evidence to challenge the charge during the hearing. [*Id.*]. The DHO—relying upon the reporting officer's statement in the Incident Report, photographs of the cell phone, and the chain-of-custody form—found Peebles guilty of the charge. [*See id.*]. The DHO imposed various sanctions, which included the disallowance of good conduct time. [*See id.*].

In his petition, Peebles makes several factual allegations. First, he alleges that the other inmate—Alvarez—admitted during his own, separate disciplinary proceedings that the cellphone belonged to him. [Dkt. 1-1 at 1–2]. Peebles provides no evidence of the alleged admission and does not clearly allege that he made the DHO in his own hearing aware of Alvarez's allegedly inculpatory statement. The DHO report itself, *see* [Dkt. 1-3], does not indicate that he did so. Second, Peebles alleges that the DHO refused to consider video surveillance of the incident. [Dkt. 1-1 at 1]. He asserts that the video footage would have shown that he was not in the

area of his cell when the cellphone was found within it. [Dkt. 1 at 5]. The DHO report does not indicate that Peebles made any such request during the hearing. During his administrative appeals, the Bureau of Prisons' Central Office stated that "[r]eview of the relevant documentation shows that at no point during the discipline process did you request the preservation or review of video evidence." [Dkt. 1-4 at 3].

Peebles asserts two substantive grounds for relief in his petition. First, he claims that the conviction was not supported by "some evidence" because he disclaimed ownership of the cellphone and the other prisoner stated that the cellphone belonged to him, not Peebles. [*See* Dkt. 1 at 5; Dkt. 1-1 at 3–5]. Second, he contends that the DHO was required to review video footage allegedly showing that he was not in or near his cell when the cellphone was found. [Dkt. 1 at 5; Dkt. 1-1 at 5–6].

The Court has thoroughly reviewed the petition and the materials filed in support of it and will deny relief. When a prisoner believes that he was deprived of sentence credits for good conduct without due process of law, he may invoke this Court's habeas corpus jurisdiction under 28 U.S.C. § 2241. *Preiser v. Rodriguez*, 411 U.S. 475, 487–88 (1973). Before such credits are taken, due process requires that the inmate be given:

> (1) written notice of the charges against him at least 24 hours before the administrative hearing on the charges;
>
> (2) a hearing before an impartial decision-maker;
>
> (3) assistance from a competent inmate or staff member, if the inmate requests one and he will likely be unable to present a

defense because he is illiterate or the case is too complex for him to comprehend;

(4) the opportunity to call witnesses and present documentary evidence, if doing so would not jeopardize institutional safety or correctional goals; and

(5) a written statement by the hearing officer explaining the evidence relied upon and the basis for the decision.

*See Wolff v. McDonnell*, 418 U.S. 539, 563–71 (1974). The Bureau of Prisons has included these and even broader protections by regulation. *See* 28 C.F.R. §§ 541.5–541.8; BOP Program Statement 5270.09 (Nov. 2020). However, an agency's failure to comply strictly with its own policies does not violate due process. *See United States v. Rutherford*, 555 F.3d 190, 192 (6th Cir. 2009) ("[T]he Constitution does not demand a bright-line rule whereby every breach of federal administrative policy also violates the Due Process Clause.").

Due process also requires the prison disciplinary board's decision to be "supported by some evidence in the record." *Superintendent v. Hill*, 472 U.S. 445, 454 (1985). A reviewing court's task is only to confirm that "there is *any evidence* in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455–56 (emphasis added). Because of the low threshold to meet the "some evidence" standard, a reviewing court need not re-examine the record, independently assess witness credibility, or weigh the evidence. *Id.* at 455.

Here, Peebles challenges only the sufficiency of the evidence, but ample evidence supported the DHO's guilty finding. The DHO considered the reporting officer's written statement in the Incident Report that he found a cellphone in

Peebles's cell; photographs of the cell phone itself; and the signed form establishing chain-of-custody. [*See* Dkt. 1-3 at 2–3]. During the hearing, Peebles only stated that he was not guilty. *See id.* The evidence relied upon by the DHO satisfied the *de minimis* "some evidence" standard. *Cf. Morris v. Beard*, No. 20-CV-82-DLB, 2020 WL 7409592, at *3 (E.D. Ky. Dec. 17, 2020) (holding "some evidence" standard satisfied where DHO relied upon written statements from officers who searched prisoner's locker); *Mercado-Rosario v. Lemaster*, No. 22-CV-90-DLB, 2023 WL 1796954, at *1 (E.D. Ky. Feb. 7, 2023) (holding "some evidence" standard satisfied where DHO relied upon written statement from officers who found cell phone in prisoner's cubicle). "[C]ourts 'have uniformly held that the discovery of contraband in a shared cell constitutes "some evidence" of possession sufficient to uphold a prison disciplinary sanction against each inmate in the cell.'" *Horton v. Hemingway*, No. 21-1388, 2021 WL 5183547, at *2 (6th Cir. Nov. 8, 2021) (quoting *Denny v. Shultz*, 708 F.3d 140, 145 (3d Cir. 2013)).

Peebles points out that the other inmate who shared his cell claimed ownership of the phone, but it is not clear that the other inmate's confession was presented to the DHO. More importantly, even if it were presented to the DHO, the DHO was not required to accept that as conclusive proof that Peebles did not possess the phone. The DHO was in the best position to consider and weigh the evidence, and upon doing so, the DHO concluded that Peebles had committed the charged violation. That decision was supported by "some evidence."

Despite evidence in the record to the contrary, at this stage of review, the Court takes at face value Peebles's allegations that he asked the DHO to review video footage of his cell area to show that he was not present when the cellphone was found. [*See* Dkt. 1 at 5; Dkt. 1-1 at 5–6]. Even if Peebles did request review of the video footage, the DHO could properly refuse it because the evidence would have been immaterial to the issue of his constructive possession of the cellphone. After all, there is no reason to believe that the video would have completely exonerated Peebles. For example, there is no way to know how long the phone was in the cell, so there is no way to know that the available video footage captured all of the relevant time period. So while it is possible that the available footage might have shown that Peebles was not near the phone during a certain time period, there is no reason to believe that the video footage could have conclusively shown that he was *never* in actual or constructive possession of it. Moreover, the ultimate point here is that it is not this Court's role to substitute its judgment for that of the DHO regarding credibility determinations and how to weigh the evidence. *Hill*, 472 U.S. at 455. All that matters is whether there was "some evidence" to support the DHO's decision, and there plainly was in this instance.

As a federal inmate, Peebles is responsible for keeping his cell free of contraband, "regardless of whether the contraband belongs to a cellmate." *Horton*, 2021 WL 5183547, at *2 (citing *Inmate Discipline & Special Housing Units*, Bureau of Prisons Policy Statement 5270.09, App'x C). This Court and others have therefore consistently held that this obligation, coupled with contraband found in a common

area of a prisoner's cell, is sufficient to provide "some evidence" to support a disciplinary conviction for possessing contraband. *See, e.g.*, *Horton v. Hemingway*, No. 2:20-CV-11891, 2021 WL 493308, at *3 (E.D. Mich. Feb. 10, 2021) (noting that courts "have uniformly held that the discovery of contraband in a shared cell constitutes 'some evidence' of possession sufficient to uphold a prison disciplinary sanction against each inmate in the cell....") (quoting *Denny*, 708 F.3d at 145–47)), *aff'd*, No. 21-1388, 2021 WL 5183547 (6th Cir. Nov. 8, 2021). This remains true even when a cellmate claims ownership of the contraband. *Id.*; *Spears v. Hemingway*, No. 20-CV-13392, 2021 WL 3164283, at *3 (E.D. Mich. July 27, 2021) ("[E]ven if his cellmate had taken responsibility for the weapon, that would not have precluded the DHO's finding of constructive possession because Spears would still have had control over the area where the weapon was located." (citing *Flannagan v. Tamez*, 368 F. App'x 586, 588 n.5 (5th Cir. 2010))).

Because Peebles's disciplinary conviction was supported by "some evidence," the Court will deny the petition.

Accordingly, it is **ORDERED** as follows:

1. The petition, [Dkt. 1], is **DENIED**.
2. This matter is **DISMISSED WITH PREJUDICE** and shall be **STRICKEN** from the docket.

Signed this 7th day of October, 2026.

S. Chad Meredith, District Judge
United States District Court
Eastern District of Kentucky